IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LETICIA JACKSON**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **10-178-DRH** |
| | ) |
| **CLARKSON EYECARE, INC.**, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant Clarkson Eyecare's motion to compel plaintiff Leticia Jackson to fully respond to interrogatories and requests for production propounded on June 16, 2010. (Doc. 17.) Plaintiff has filed a response (Doc. 18), to which defendant has filed a reply (Doc. 19). At this juncture, according to defendant, nearly all responses and authorizations for medical and employment records have been received, leaving Interrogatory 7 and Request for Production No. 14 in dispute– both aimed at identifying and producing electronic communications regarding the allegations of sexual harassment/hostile environment at issue in this case. Defendant also presses for imposition of costs and attorney's fees associated with the motion, generally due to plaintiff having been "dilatory" in responding to discovery requests, and initially providing unverified and incomplete responses.

Plaintiff counters, in relevant part, by asserting that defendant propounded more than the 25 interrogatories allowed under Federal Rule of Civil Procedure 33, and that objections, lodged as to interrogatory 5 and its subparts, cannot be waived merely because plaintiff did not otherwise timely respond. Plaintiff admits that her initial responses to the interrogatories were

1

not verified. With respect to the requests for production, plaintiff contends the 30-day response period prescribed for interrogatories is not applicable to requests for production.  Relative to Request No. 14, plaintiff argues that documents that would identify an email service provider or other web-based communication service or text message provider are confidential, and that request is not calculated to lead to discoverable information.

      Defendant's interrogatories were propounded on June 16, 2010.  In accordance with Federal Rule of Civil Procedure 33(b)(2), responses are due in 30 days.  Plaintiff's initial, unverified and admittedly incomplete responses were submitted on August 6, 2010, well outside the prescribed response period.  Rule 33(b)(4) states that the grounds for objecting to an interrogatory must be stated with specificity, and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.  Although Rule 33(a)(1) does limit the number of interrogatories and discrete subparts to 25, plaintiff did not timely lodge that objection, so it is waived.  Plaintiff has offered no explanation for not timely responding to the interrogatories, so the untimeliness cannot be excused.  Therefore, Interrogatory No. 7 must be answered in full.

      Relative to Request for Production No. 14, the request was propounded on June 16, 2010, and responded to (in the form of an objection) on August 6, 2010.  Federal Rule of Civil Procedure 34(b)(2)(A) dictates that a written response to a request for production must be made within 30 days.  Although Rule 34 does not specifically state that any objection not timely lodged is waived, Rule 34(b)(2)(B) states that each item must be responded to, and the response "must" either state either that the inspection/production will be allowed, or state an objection.  In that same vein, Rule 34(b)(2)(C) states that any part not objected to must be produced.  Thus, it

is axiomatic that any objection not specified is waived if not timely lodged.  Consequently, plaintiff has waived any objection to Request for Production No. 14.  The Court further notes that: (1) "confidential," without elaboration or citation to authority, is not a proper objection; and (2)  plaintiff's formal objection to relevance was not asserted in her responses and cannot be raised for the first time in connection with the subject motion.  Plaintiff has not offered any reason for not timely responding to the discovery request, so those failures cannot be waived by the Court.  Therefore, plaintiff must fully comply with Request for Production No. 14.

Insofar as defendant seeks an award of costs and attorney's fees associated with having to file the subject motion, Federal Rule of Civil Procedure 37(a)(5)(A), states that if the motion to compel is granted, or if disclosure of discovery is made after the motion is filed, the Court "must," after giving the offending party an opportunity to be heard, require the party and/or the party's counsel to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  In this instance, plaintiff has yet to offer an explanation for her untimely responses and objections, and for filing unverified responses.  Therefore, the Court will afford plaintiff and her attorney an additional opportunity to address why sanctions should not be imposed.  (*See* Fed.R.Civ.P. 37(a)(5).)

**IT IS THEREFORE ORDERED** that defendant Clarkson Eyecare's motion to compel plaintiff Leticia Jackson to fully respond to interrogatories and requests for production propounded on June 16, 2010 (Doc. 17) is **GRANTED**, in that on or before **December 17, 2010**, plaintiff shall fully respond, without objection, to Interrogatory No. 7 and Request for Production No. 14.  All other disputed discovery requests are moot.

**IT IS FURTHER ORDERED** that on or before **December 10, 2010**, defendant

Clarkson Eyecare shall file with the Court and serve upon plaintiff a detailed bill of costs and supporting affidavit.

**IT IS FURTHER ORDERED** that on or before **December 17, 2010**, plaintiff shall show cause in writing why the defendant should not be awarded the expenses, including attorney's fees, associated with having to file the subject motion to compel. If plaintiff has any objection to the bill of costs, those objections must also be asserted, or they will be deemed waived.

**IT IS SO ORDERED.**

**DATED: December 3, 2010**

<u>s/ Clifford J. Proud</u><br>
**CLIFFORD J. PROUD**<br>
**U. S. MAGISTRATE JUDGE**